IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **CRISTIAN BIBLIAN LOVERA,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | **CAUSE NO. EP-26-CV-445-KC** |
| § | |
| **MARY DE ANDA-YBARRA, et al.,** § | |
| § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Cristian Biblian Lovera's Petition for a Writ of Habeas Corpus, ECF No. 1. Biblian Lovera is detained at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 87–100; *id.* at 28–29.

Biblian Lovera entered the country in September 2022, was apprehended, and then released with parole, which expired two months later. *Id.* ¶ 21. Subsequently, his removal proceedings were dismissed "in the exercise of discretion." Resp. 3, ECF No. 8. "During the registration period," Biblian Lovera applied for and was granted Temporary Protected Status as a Venezuelan national. Pet. ¶ 22. On January 18, 2025, Biblian Lovera's minor children entered the country with a family member, were designated unaccompanied children, and detained by the Office of Refugee Resettlement ("ORR"). *Id.* ¶ 23. Biblian Lovera immediately sought to reunify with his children and has "actively complied with all requests for information and documentation from ORR and opened his home for government officials and contractors to conduct multiple home studies." *Id.* ¶ 2. "In July 2025, [Biliban Lovera] was informed that his reunification case was complete and submitted for approval." *Id.*

In November 2025, the Government terminated TPS for Venezuelans. Resp. 4. On December 8, 2025, "[i]n connection with an investigation into Lovera's children's manner and means of entry into the United States, Homeland Security Investigations (HSI) called Lovera for an interview." Decl. Veronica A. Molina ¶ 11, ECF No. 8-1. At this interview, Biblian Lovera "invoke[ed] his Fifth and Sixth Amendment rights." *Id.* ¶ 12. "In accordance with current policy, HSI referred Lovera to ERO for removal proceedings and [he] was transferred to the El Paso Service Processing Center (EPC) on December 9, 2025." *Id.* ¶ 13.

In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Biblian Lovera's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)." Show Cause Order 2. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Biblian Lovera's case warrant a different outcome." *Id.*

Respondents argue that Biblian Lovera's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Resp. 3.

Biblian Lovera argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory grounds, as well as constitutional due process grounds. Pet. ¶¶ 87–100. The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Biblian Lovera's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Biblian Lovera's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 3–12, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88. Because Respondents have not identified any material differences between Biblian Lovera's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Biblian Lovera's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to

---

[1] The Court resolves any factual disputes in Respondents' favor, *see* Resp. 3–4, and thus grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

3

mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Biblian Lovera's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, <u>**on or before March 16, 2026**</u>, Respondents shall either: (1) provide Biblian Lovera with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Biblian Lovera's continued detention; or (2) release Biblian Lovera from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before March 16, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Biblian Lovera has been released from custody. If Biblian Lovera has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Biblian Lovera is released from custody, Respondents shall **RETURN** all of his personal property in their custody to him upon release. Such property includes, but is not limited to, identification documents.

<u>**There will be no extensions of the March 16, 2026, deadlines**</u>.

<u>**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**</u>.

---

[2] As to Biblian Lovera's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**SO ORDERED**.

**SIGNED this 9th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE